**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE EDWARD STRAUB,

Defendant - Appellant.

No. 09-30234

D.C. No. 3:04-cr-00020-PA-6

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 15, 2009[**]
Portland, Oregon

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

This is defendant's third appeal to this panel.  In defendant's second appeal,

he expressly sought "remand for trial on Counts 1, 3, 4, 5, and 6." *United States v.*

*Straub*, 538 F.3d 1147, 1164 (9th Cir. 2008).  In an opinion filed August 15, 2008,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we remanded to the district court on Counts 3 and 4 and "affirm[ed] the convictions as to Counts 1, 5, and 6," *id.* at 1166, explaining that defendant did "not articulate[] any specific reasons why . . . the jury would not have convicted on Counts 1, 5, and 6" even if the error at defendant's first trial had been remediated, *id.* at 1164. The government has since dismissed Counts 3 and 4, and defendant now appeals the district court's refusal to grant defendant a new trial on Counts 1, 5, and 6. We affirm.

"We have repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of the remand is clear." *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (quotation marks, brackets, and citations omitted). The scope of our August 2008 remand was clearly limited to Counts 3 and 4. The district court was therefore "precluded . . . from considering" arguments relating to Counts 1, 5, and 6, *id.*, and did not err in refusing to grant defendant a new trial on those counts.

**AFFIRMED.**